IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON PHILLIP STULL,

                Plaintiff,

  v.

                                                  OPINION and ORDER

DANE COUNTY JAIL SHERIFF KALVIN BARRETT,
MADISON POLICE DEPARTMENT, CITY OF                     22-cv-635-wmc[1]
MADISON, DOC PROBATION AND PAROLE, and
PAROLE AGENT MARADETH W.,

                Defendants.

---

Pro se plaintiff Brandon Stull was hit by a car in 2017 in downtown Madison. He contends that the city and county failed to locate the person who hit him, and that the DOC Probation and Parole Division failed to help him after he was released from the hospital, all in violation of his constitutional rights. Because Stull is incarcerated and proceeding in forma pauperis, I must screen his complaint and supplement and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. I accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Stull's complaint does not state a constitutional claim against any of the defendants. I will dismiss his complaint without prejudice and give him an opportunity to file an amended complaint that fixes the problems I identify in this order.

---

[1] I am exercising jurisdiction over this case for the purposes of screening only.

ANALYSIS

Stull alleges that in October of 2017, he was hit by a vehicle while he was crossing the street in downtown Madison. He was transported to UW Hospital, where he underwent surgery for a broken leg and knee. Afterwards Stull learned that the City of Madison Police Department was unable to determine who hit him because street cameras did not capture the incident. Stull contends that law enforcement should have been able to learn who hit him from reviewing street camera footage from nearby businesses.

Stull was on probation at the time he was hit by the vehicle, but no one from Parole and Probation helped him after he was injured. When he was released from the hospital, he stayed at a motel for one month, and then he was homeless. Because he had been taking gabapentin and oxycodone during his hospitalization, Stull started to use drugs again, which lead to his revocation.

Stull contends that Dane County Sheriff Kalvin Barrett and the City of Madison violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to catch the person responsible for hitting him. Stull further contends that the DOC Parole and Probation Department, and Parole Agent Maradeth W. violated his Eighth Amendment rights by failing to take care of him once he was out of the hospital.

Stull fails to state a constitutional claim against any of these defendants. Starting with his claim challenging law enforcement's failure to catch the person who hit him, the constitution "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). Stull "does not have a constitutional right to have the police investigate his case

2

at all, still less to do so to his level of satisfaction." *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (inactivity by police does not give rise to a constitutional claim). Therefore, Stull does not state a constitutional claim arising from law enforcement's failure to identify the person who hit him.

Stull likewise does not state a claim against the DOC Probation and Parole or Parole Agent Maradeth W. The DOC Probation and Parole Division may not be sued for violating Stull's constitutional rights because "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *See Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999).

As for Maradeth, it is an open question "whether parole officers can be liable for deliberate indifference to a parolee's serious medical need," although the Seventh Circuit has commented that parole officers "may be constitutionally obligated not to block a parolee who is trying to arrange such care for [himself] without any basis in the conditions of parole." *Mitchell v. Kallas*, 895 F.3d 492, 502 (7th Cir. 2018). Even assuming a parolee can state an Eighth Amendment claim against a parole agent who blocks access to necessary medical care, Stull does not state such a claim against Maradeth. Stull does not allege that Maradeth prevented him from receiving medical attention to address his problem weaning himself from gabapentin and oxycodone. Nor does Stull allege that Maradeth was aware that when he was released from the hospital, he had been taking gabapentin and oxycodone, much less that he was having problems once he stopped taking those medications. Stull does not include any other allegations suggesting that Maradeth prevented him from receiving needed medical attention or care after his release from the hospital. So, Stull does not state an Eighth Amendment claim against Maradeth.

Consistent with circuit practice, I will dismiss Stull's complaint without prejudice and give him a short time to submit an amended complaint that will replace his first complaint. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) (cautioning against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend). Stull should omit his claims and allegations related to local law enforcement's failure to identify who hit him because I can conceive of no set of facts that could support a constitutional claim arising from that failure. If Stull files an amended complaint related to his need for medical care after his release from the hospital, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not submit an amended complaint by the date below, this case will be dismissed for failure to state a claim upon which relief can be granted.

## ORDER

IT IS ORDERED that:

1. Plaintiff Brandon Stull's complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

2. Plaintiff may have until **May 12, 2023**, to file an amended complaint, as directed above. If plaintiff does not file an amended complaint as directed, the court will dismiss this case with prejudice for failure to state a claim upon which relief can be granted.

Entered April 21, 2023.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge